AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 3:15 MJ 325 |
| GLENN GOOCH | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 2014 - July 2015__ in the county of __Mecklenburg__ in the __Western__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2252A(a)(5)(B) | Possession or Accessing with Intent to View Child Pornography |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Aaron Pavlovic, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/03/2015

_____
Judge's signature

City and state: Charlotte, North Carolina

David S. Cayer, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF THE
COMPLAINT AND ARREST OF:

GLENN GOOCH

Case No. _____

AFFIDAVIT IN SUPPORT OF A COMPLAINT AND ARREST OF
GLENN GOOCH

I, Aaron Pavlovic, Special Agent, Homeland Security Investigations, being duly sworn, state the following:

1. I am a "federal law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered to conduct investigations of, and make arrests for, the offenses enumerated in Title 8, 18, 19, 21, 31, United States Code and other related offenses.

2. I am a Special Agent with the United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been so employed from June 2005, to the present. I am currently assigned to the HSI Resident Agent in Charge (RAC) Charlotte, North Carolina office. As part of my official duties, I have conducted and participated in investigations relating to narcotics smuggling, human smuggling and trafficking, document fraud, and child pornography and child exploitation investigations.

3. I am investigating the possession of child pornography by Glenn GOOCH. As will be shown below, there is probable cause to believe that Glenn GOOCH has possessed child

pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B). I submit this Affidavit in support of a complaint and arrest of Glenn GOOCH.

4. The information contained in this Affidavit is based on my personal participation in this investigation and from information provided to me by other law enforcement officers. Since this Affidavit is being submitted for the limited purpose of establishing probable cause to support the arrest of Glenn GOOCH (hereinafter referred to as GOOCH), I have not included each and every fact known to me concerning this investigation and have set forth only those facts that I believe are necessary for said purpose.

## STATUTORY AUTHORITY

5. This investigation concerns alleged violations of 18 U.S.C. § 2252A(a)(5)(B) relating to material involving the sexual exploitation of minors.

    a. 18 U.S.C. § 2252A(a)(5)(B) prohibits the knowing possession or access with intent to view material which contains an image of child pornography that has been mailed, shipped or transported using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce, or was produced using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

## DEFINITIONS

6. The following definitions apply to this Affidavit:

    a. "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction was a digital image,

computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. See 18 U.S.C. § 2256(8).

b. "Computer" refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." See 18 U.S.C. § 1030(e)(1).

c. "Minor" means any person under the age of 18 years. See 18 U.S.C. § 2256(1).

d. "Sexually explicit conduct" refers to actual or simulated (a) sexual intercourse (including genital-genital, oral-genital, or oral-anal), whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person. See 18 U.S.C. § 2256(2)(A).

## PROBABLE CAUSE

7. On October 9, 2014, the Municipal Police of Zurich, Switzerland, working with the Federal Office of Police (Fedpol) and other agencies, seized a server, which was being operated out of the residence of a subject in Zurich, Switzerland and used to run a website that contained material which depicted the sexual exploitation of minors. The operator of the site has been accused and charged with the possession and distribution of child pornography.

8. Fedpol analyzed the seized server and provided the HSI Child Exploitation Investigative Unit SA James Kilpatrick with 844 unique IP addresses. The devices assigned to these IP

addresses had either: 1) downloaded five or more images from the website described in paragraph 7 that were Child Pornography Material and were U.S. based IP addresses, or 2) had uploaded one or more images to the website described in paragraph 7 that were Child Pornography Material and was a U.S. based IP Address.

9. Two of the IP addresses provided by Fedpol were IP Address 184.39.179.45 used from July 28, 2014 02:30:08 GMT/UTC until July 28, 2014 02:54:58 GMT/UTC, and IP Address 184.39.180.253 used from August 04, 2014 01:35:41 until August 10, 2014 02:21:26 GMT/UTC. The IP address 184.39.179.45 was documented downloading 7 child pornography images. The IP Address 184.39.180.253 was documented downloading 8 child pornography images.

10. Both IP Address 184.39.179.45 and 184.39.180.253 resolved to AT&T Internet Services. On or about February 2, 2015, HSI Summons number 126-15 was sent to AT&T Internet Services to determine the users of those IP addresses. On February 12, 2015, AT&T Internet Services responded to the summons as follows: Both of the aforementioned IP Addresses resolved to Lydia HEWITT with a service address 6324 Ellesmere Ct, Mint Hill, North Carolina 28227.

11. On Tuesday July 14, 2015, at approximately 1300 hours, HSI RAC Charlotte Special Agents along with a Charlotte Mecklenburg Police Detective and an Agent from North Carolina State Bureau of Investigations conducted a knock and talk at the residence of Lydia and Stanley Hewitt located at 6324 Ellesmere Ct., Mint Hill, North Carolina 28227. The Agents were greeted at the door by Lydia HEWITT who soon called her husband, Stanley, to the door. HSI SA Pavlovic explained the nature of the visit and explained that their residence had come up during the course of a child exploitation

investigation. SA Pavlovic explained that two separate IP Addresses associated with their residence had been found on a foreign website that allows uses to download and view child exploitation material. Both Lydia and Stanly Hewitt stated that they did not know anything about the aforementioned website or child pornography. They stated that they used the internet primarily for email and to search the web. When asked if their internet router was password protected they stated that it was and that they do not share the password with any of the neighbors. When asked if anyone else lived at the residence with access to the internet they stated that their son's best friend, Glenn, was living with them and he also had access to the internet. A short time later, Stanley asked "Glenn" to come to the front door to which he complied.

12. Again, HSI SA Pavlovic explained to "Glenn", subsequently identified as Glenn GOOCH, the nature of their visit. When SA Pavlovic asked GOOCH if he had ever accessed the aforementioned picture gallery website, GOOCH stated that he had. When asked if he had any images and/or videos of child pornography on his computer GOOCH stated that he did. When SA Pavlovic asked GOOCH if he would grant agents consent to search his computer and electronic storage devices GOOCH agreed. GOOCH also agreed to speak with HSI SA Pavlovic and CMPD detective Dunbar. A short time later HSI RAC Charlotte Computer Forensic Agent Jose Romero began a forensic preview of GOOCH's computer and electronic storage devices. At around the same time HSI SA Pavlovic and CMPD Detective Dunbar conducted a consensual interview of GOOCH.

13. At approximately 1323 hours HSI SA Pavlovic and CMPD Detective Dunbar conducted a consensual interview of GOOCH. GOOCH was advised that he was not under arrest and that he was free to stop questioning at any time. GOOCH was read his Statement of

Rights by SA Pavlovic, which was witnessed by CMPD Detective Dunbar. GOOCH waived those rights and agreed to speaker with the agent. This was documented on a Department of Homeland Security Statement of Rights Sheet signed by GOOCH.

14. GOOCH was able to provide a definition of child pornography that was consistent with both state and federal definitions. He stated that he understood that viewing, possessing and trading child pornography was both wrong and illegal. GOOCH stated that he had never received, sent or traded child pornography via email and that he strictly downloads it off of websites. When asked how he finds the websites he stated that he follows the popups /advertisements on sites that he already knows contain child pornography. GOOCH stated that he stores the images and videos of child pornography in different locations on different devices. GOOCH stated that two of the main storage spots are in two folders on his desktop of his laptop computer. GOOCH estimated that he possessed between 50,000 and 70,000 images of child pornography. He estimated that he possessed approximately 2000 videos of child pornography.

16. GOOCH stated that he began viewing child pornography in 1994 after being accused of molesting his friend's daughter. He stated that if he was accused of something he wanted to see what he was being accused of. After that it became a "compulsive addiction".

17. On July 15, 2015 at approximately 0400 hours HSI Computer Forensic Agent Jose Romero conducted a forensic preview of the computers and electronic storage devices seized from GOOCH the previous day. During the examination, SA Romero found numerous images and videos containing child pornography. Some of those images include, but are not limited to the following:

a. An image entitled 129620679563.jpg located on a SanDisk Cruzer Glide (64 GB) USB drive in a folder named "nov-dec2014", which was located in the root directory. The image depicts a prepubescent male child lying on top of a bed with his head on a white pillow. The child appears to be approximately six to seven years of age. The minor child is nude and his semi erect penis is exposed. The child's hands are bound behind his back to his legs with what appears to be a white rope. The child's mouth is gagged with a black ball which is tied around his head.

b. An image entitled b55093654d_4719709_15242845.jpg located on the SanDisk Cruzer Glide (64 GB) USB drive in a folder named "nov-dec2014", which was located in the root directory. The image depicts a nude prepubescent female toddler approximately 18 months old lying on her back. The toddler's hands are tied in a manner that keeps the toddler's arms spread apart with what appears to be white nylon stockings. The toddler's legs are spread apart in the air exposing her genitals.

c. An image entitled f198c78b07_9785494_15224838.jpg located on a SanDisk Cruzer Glide (64 GB) USB drive in a folder named "nov-dec2014", which was located in the root directory. The image depicts a nude infant female lying on her back with her legs spread apart exposing her genitals, with an erect adult male penis ejaculating on the infant's vagina.

18. These three images of child pornography were located on the SanDisk Glide (64 GB) USB drive, which was plugged into GOOCH's laptop computer. These images were being copied from GOOCH'S laptop computer over to the SanDisk Glide USB drive.

## CONCLUSION

19. Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that GLENN GOOCH did possess child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B).

20. Your Affiant, therefore, respectfully requests that the attached warrant be issued authorizing the arrest of GLENN GOOCH.

Aaron Pavlovic
Special Agent
Homeland Security Investigations

Sworn and subscribed before me this 3rd day of September 2015.

David S. Cayer
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NORTH CAROLINA